## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenyatte Brown, | ) | Criminal No. 3:01-01109-MBS-1 |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court pursuant to a pro se motion by Kenyatte Brown ("Movant"), seeking leave to amend ("motion to amend") a previously filed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 149.) The United States of America ("Respondent") opposes Movant's motion to amend and seeks dismissal of the matter. (ECF No. 151.) For the reasons set forth below, the court denies Movant's motion to amend and grants Respondent's motion to dismiss.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is currently incarcerated at the Petersburg Federal Correctional Complex in Petersburg, Virginia. On December 4, 2001, Movant was named in a one-count indictment, charging him with possession with intent to distribute less than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1.) On July 24, 2002, Movant entered a plea of not guilty to the charge in the indictment. (ECF No. 7.) On August 26, 2002, Respondent filed an information pursuant to 21 U.S.C. § 851 to inform Movant that he was subject to the increased penalties of 21 U.S.C. § 841(a)(1) based on 5 previous felony drug convictions. (ECF No. 12.) Thereafter, a jury trial was held on May 20 through May 21, 2003. (ECF No. 61.) On

1

May 21, 2003, the court declared a mistrial after the jury was unable to reach a verdict.  (ECF No. 61, p. 5.)

A second trial before a jury was held on September 11 through September 12, 2003. (ECF No. 91.)  On September 12, 2003, a jury found Defendant guilty as to the one count of the indictment.  (ECF No. 93.)  On April 12, 2004, the court sentenced Movant to a term of imprisonment of 262 months.  (ECF Nos. 97, 98.)  Thereafter, Movant filed a notice of appeal with the Court of Appeals for the Fourth Circuit (the "Fourth Circuit") on April 15, 2004.  (ECF No. 99.)  On October 31, 2005, the Fourth Circuit affirmed Movant's conviction and sentence. (ECF No. 108.)

On January 23, 2007, Movant filed a pro se motion to vacate his sentence, asserting several grounds for relief.  (ECF No. 109.)  Specifically, Movant asserted that his attorney provided ineffective assistance of counsel by: (1) failing to object to the use of the Bible as a means to put witnesses under oath; (2) failing to voir dire potential jurors about their use of the Bible in their religious practices; (3) failing to move to dismiss the indictment because Congress had failed to define "crack cocaine" under 21 U.S.C. § 841(a); (4) forcing Movant to stipulate at trial that the substance he sold was crack cocaine; (5) failing to argue at sentencing that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), rendered the guidelines advisory and not mandatory; (6) failing to argue that his prior convictions should have been charged and proven prior to their use to determine his status as a career offender; and (7) failing to notify the court that it had discretion to sentence him to probation rather than a sentence of 262 months incarceration.  (ECF No. 109 at 8-14.)  The court denied the motion to vacate on March 31, 2010.  (ECF No. 134.)  Movant filed a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend

the order denying his motion to vacate on April 14, 2010, which motion was denied by the court on April 21, 2010.  (ECF Nos. 137, 138.)  Movant appealed the denial of his motion to vacate to the Fourth Circuit on May 10, 2010.  (ECF No. 141.)  The Fourth Circuit dismissed Movant's appeal of the order denying his motion to vacate on October 26, 2010.  (ECF Nos. 147, 148.)  After the Fourth Circuit issued its mandate, Movant did not petition the United States Supreme Court for writ of certiorari.

On May 10, 2012, Movant filed the instant motion to amend his original motion to vacate, seeking to assert that he was also denied effective assistance of counsel during the plea process.  (ECF No. 149.)  Respondent filed opposition to Movant's motion to amend and a motion to dismiss on June 13, 2012.  (ECF No. 151.)  Movant responded to Respondent's motion to dismiss on June 28, 2012.  (ECF No. 152.)

The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II.     LEGAL STANDARD

A.     <u>Motions to Vacate Generally</u>

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion to vacate pursuant to 28 U.S.C. § 2255.  To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant

a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

B.     Amendment of a Motion to Vacate

A motion to vacate may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000) ("If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate.") (citing Rule 12, Rules Governing Section 2255 Proceedings). Courts typically apply Fed. R. Civ. P. 15 to the amendment of a motion to vacate. Pittman, 209 F.3d at 317 (citing Rogers v. United States, 180 F.3d 349, 352 n.3 (1st Cir. 1999); United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999)). Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave . . . [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Where the statute of limitations bars a cause of action, amendment may be futile and

therefore can be denied." <u>Pittman</u>, 209 F.3d at 317 (citations omitted). "When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." <u>Id.</u> Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005). Instead, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." <u>Id.</u>

C.     <u>Restrictions Imposed on Successive Motions to Vacate</u>

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions to vacate. A defendant must be careful to include all grounds for relief in an initial motion to vacate because the ability to raise other grounds later have been limited. Specifically, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). "A second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

5

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  In this regard, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing Section 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, . . . .").

D.    Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.   ANALYSIS

A.    The Arguments of the Parties

Movant seeks to amend his motion to vacate and assert a new claim that he was denied effective assistance of counsel during the plea process because the erroneous advice of his

attorney "deprived him of the right to make a knowing and informed choice on whether to accept the Government's plea offer."  (ECF No. 149 at 3.)  In support of his motion to amend, Movant argues that his new claim relates back under Fed. R. Civ. P. 15 to his prior timely filed motion to vacate because the applicable statute of limitations allows the relation back.  (ECF No. 152 at 3.) Movant further argues that § 2255(f)(3)[1] permits relation back because he asserted his new claim within one year of the Supreme Court's recognition of the right to effective assistance of counsel at the plea stage in <u>Lafler v. Cooper</u>, – U.S. – , 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, – U.S. – , 132 S. Ct. 1399 (2012).[2]  (<u>Id.</u>)

In opposition to the motion to amend and in support of its motion to dismiss, Respondent argues that the court is without jurisdiction to entertain Movant's motion because he did not seek permission from the Fourth Circuit to file a successive motion to vacate.  (ECF No. 151 at 2 (citing 28 U.S.C. § 2244(b)(3)(A)).)  In support of its argument, Respondent asserts that Movant's motion to amend is successive because his motion seeks to raise new allegations not previously raised.  (<u>Id.</u>)  Respondent further asserts that to raise new allegations, Movant needed to  receive authorization from the Fourth Circuit.  (<u>Id.</u> at 2-3.)  Because Movant does not have authorization from the Fourth Circuit, the court is without jurisdiction to entertain the motion to

---

[1] 28 U.S.C. § 2255(f)(3) provides that the one-year period of limitation under AEDPA begins to run on "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . ."  28 U.S.C. § 2255(f)(3).

[2] In <u>Frye</u>, the Court held that defense counsel who failed to inform the defendant of a plea offer before the offer lapsed rendered ineffective assistance of counsel in violation of the Sixth Amendment.  <u>Frye</u>, 132 S. Ct. at 1408.  In <u>Lafler</u>, the Court held that a defendant received ineffective assistance of counsel when he was advised to reject a plea agreement, which resulted in defendant going to trial, being found guilty and receiving a sentence at trial that was more severe. <u>Lafler</u>, 132 S. Ct. at 1381.

amend.  (Id. at 3.)

Respondent also argues that the motion to amend is not properly before the court because Movant failed to submit a motion for certification "that the successive motion contains either newly discovered evidence or a new rule of constitutional law."  (Id. at 4 (citing 28 U.S.C. § 2255(h)).)  In this regard, Respondent argues that the new rules of law articulated in Lafler and Frye have not been made retroactive to cases on collateral review by the Supreme Court.  (Id.)  Therefore, Movant cannot rely on Lafler and Frye as the basis on which to properly file a successive motion to vacate.  (Id. at 5-6.)  Based on the foregoing, Respondent asserts that it is entitled to dismissal of Movant's motion to amend.  (Id.)

Movant asks the court to deny Respondent's motion to dismiss, asserting that he is not required to show that the Supreme Court made Lafler and Frye retroactive to cases on collateral review.  (ECF No. 152 at 3, 5.)  Instead, Movant argues that he only has to show that his motion was filed within 1 year from the date the Supreme Court recognized the newly asserted right. (Id.)  As a result, Movant argues that his motion to amend is timely because it was filed on May 10, 2012, which is within 1 year after Lafler and Frye were decided.  (Id.)

B.      The Court's Review

Movant asserts that the claim in his motion to amend arises out of the same conduct, transaction, or occurrence set forth in his motion to vacate and, therefore, relates back under Fed. R. Civ. P. 15 to the original motion to vacate.  Upon the court's review, Movant's assertion fails because the claim in the motion to amend and the claims made in the original motion to vacate are not tied to a common core of operative facts.  Here, the claim in the motion to amend is that Movant received ineffective assistance of counsel in connection with the plea process.  (ECF No.

149 at 3.)  In his original motion to vacate, Movant asserted ineffective assistance of counsel claims for conduct that occurred during jury selection, the trial proceedings, and during sentencing.  (See ECF No. 109 at 8-14.)  Thus, even though the claim in the motion to amend and the claims in the motion to vacate are for ineffective assistance of counsel, they do not arise from the same nucleus of operative facts.  Accordingly, the ineffective assistance claim made in the motion to amend asserts a new ground for relief, does not relate back to the original motion to vacate, and must be construed as a second or successive motion to vacate.[3]

Before this court can consider a second or successive motion to vacate, Movant must receive certification from the Fourth Circuit.  See 28 U.S.C. §§ 2244(a) & (b)(3), 2255(h).  Movant has not shown that he has obtained leave from the Fourth Circuit to file a second motion to vacate.  The requirement of filing a motion in the court of appeals for permission and securing permission to file a second or successive motion to vacate is jurisdictional.  Thus, the court lacks jurisdiction to consider Movant's new claim for ineffective assistance of counsel.  Accordingly, Movant's motion to amend must be denied.

## IV.    CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Kenyatte Brown's motion to amend his motion to vacate should be and is hereby **DENIED** without prejudice to allow Brown to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

------

[3] The claim in the motion to amend might also be considered successive because the prior motion to vacate has already been adjudicated by this court and the Fourth Circuit.  See Beaty v. Schriro, 554 F.3d 780, 783 n.1 (9th Cir. 2009) (holding that a petitioner cannot amend his petition after the district court has ruled and proceedings have begun in the circuit court).

(ECF No. 149.)  The United States of America's motion to dismiss is hereby **GRANTED**.  (ECF No. 151.)

      **IT IS SO ORDERED**.

                            s/Margaret B. Seymour
                            MARGARET B. SEYMOUR
                            SENIOR UNITED STATES DISTRICT JUDGE

May 28, 2013
Columbia, South Carolina