IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>v. )<br>)<br>Kenyatte Brown, )<br>)<br>Defendant. )<br>_____) | Cr. No. 3:01-1109-MBS<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendant Kenyatte Brown's supplemental motion for relief under the First Step Act of 2018 and motion for variance sentence (the "Motion"). ECF No. 194. The Government filed a response in opposition on August 24, 2020. ECF No. 200. For the reasons stated below, the Motion is granted.

## BACKGROUND

On September 11, 2003, a jury convicted Defendant of one count of possession with intent to distribute and distribution of less than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant was subject to increased penalties pursuant to 21 U.S.C. § 851 based on prior drug offenses in 1996 and 1998. ECF No. 12. Defendant received a career offender designation under U.S.S.G. § 4B1.1 as a result of two prior felony convictions for distribution of cocaine base and possession with intent to distribute cocaine in proximity of a school and/or park. Thus, Defendant's base offense level increased from 12 to 34. Defendant has a criminal history score of nine, which yielded a criminal history category of IV. However, because he was deemed a career offender, Defendant's criminal history category became VI. Additionally, Defendant was subject to an increased statutory maximum of 30 years as a result of the recidivist enhancement provision in section 841(b)(1)(C). Defendant's sentencing guideline range was 262 to 327 months' incarceration. Under the

law in effect at the time, the guideline range was mandatory. Thus, on April 13, 2004, the court sentenced Defendant to a term of imprisonment for 262 months, to be followed by a term of supervised release for six years.

On January 19, 2019, Defendant moved pro se for relief under the First Step Act. The court denied that motion on the basis that application of the First Step Act does not change Defendant's base offense level of 12 and total offense level of 34, and the court declined to review the propriety of the career offender designation. ECF No. 184. On July 13, 2020, the Fourth Circuit Court of Appeals vacated the court's order and remanded the case for consideration of Defendant's arguments on the merits, in light of the decisions in *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020) and *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). ECF No. 191. On July 15, 2020, the United States Probation Office ("USPO") filed a Sentence Reduction Report, which maintains that Defendant's total offense level is 34 and criminal history category is VI, for a guideline range of 262 to 327 months of imprisonment. ECF No. 192.

Defendant argues the court is authorized under 18 U.S.C. § 3582(c)(1)(B) and Fourth Circuit precedent to reconsider his sentence, the court possesses the discretion to grant a variance and reduce his sentence below the applicable guideline range, and application of the factors set forth in 18 U.S.C. § 3553(a) support reducing his sentence to a period of time-served.[1] The Government concedes the court has the discretion to impose a below-guideline sentence and order immediate release, but argues the

---

[1] Defendant also argues that extraordinary and compelling reasons exist to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), on the basis that the court sentenced him "to over 20 years in federal prison for a $20 sale of crack cocaine." ECF No. 194 at 8. Defendant acknowledges he has not administratively exhausted his remedies as to this form of relief. *Id*. Because the court grants Defendant relief under section 404 of the First Step Act, it does not address Defendant's request for compassionate release.

original sentence is appropriate because it takes into consideration both the offense charged and Defendant's "substantial criminal history." ECF No. 200 at 6.

## DISCUSSION

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, allows for the retroactive application of the modifications to penalties that Congress enacted in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). The First Step Act permits a district court to apply Sections 2 and 3 of the Fair Sentencing Act retroactively only to a defendant who was sentenced for a "covered offense." *Woodson*, 962 F.3d at 815. It is clear that Defendant was convicted of a covered offense and is therefore eligible to be considered for relief under the First Step Act. *Id.* at 817. Application of the First Step Act here does not alter Defendant's statutory maximum penalty nor does it impact his guideline range. However, the court may in its discretion consider the section 3553(a) factors in determining whether relief under section 404(b) of the First Step Act is appropriate. *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020). The court may also vary from the Guidelines and may consider post-sentencing conduct. *Id.*

Defendant asserts the court should reduce his sentence to a period of time-served because the mandatory 262-month sentence he originally received is grossly disproportionate to his offense of conviction, and because he has served over 16 years for an offense that, absent the career offender designation, "would have resulted in a federal sentence of under 2 years' imprisonment." ECF No. 194 at 8. As the Motion describes, Defendant was convicted under 21 U.S.C. § 841(a)(1) for possession with intent to distribute and distribution of .10 grams of cocaine base. The corresponding statutory penalty imposes a sentence of not more than 20 years. 21 U.S.C. § 841(b)(1)(C). Defendant asserts and the Government does not contest that but for the career offender designation, his guideline range would be 21 to 27 months. Defendant contends that the career offender designation was based on six

3

convictions that arose out of only two arrests, and which resulted in a negotiated sentence of one year of imprisonment followed by five years of probation.[2] ECF No. 194 at 2, ECF No. 194-1. And yet the career offender designation resulted in a guideline range "9 times higher than the high end of the range to which Brown otherwise would have been exposed."[3] ECF No. 194 at 3.

Defendant also asserts that the court should reduce his sentence to avoid a disparity between sentences imposed pursuant to the recidivist enhancement for prior "felony drug offense" set forth in section 841(b)(1)(C) and sentences imposed under the new definition of "serious drug felony" set forth in sections 841(b)(1)(A) and (b)(1)(B). *Id*. at 9. To count as a prior conviction for a "felony drug offense," the conviction must be punishable by imprisonment for more than one year. 21 U.S.C. § 802(44). However, for an offense to qualify as a "serious drug felony," a defendant must have "served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57)(A). Defendant asserts he did not serve over a year of imprisonment for any of the offenses listed in the section 851 Information, which gave rise to the section 841(b)(1)(C) recidivist enhancement imposed on him at sentencing. This works a disparity and injustice, he contends, because under the new recidivist definition in sections

---

[2] Defendant notes that the U.S. Sentencing Commission recently determined that "the career offender directive is best focused on those offenders who have committed at least one 'crime of violence,'" and recommends "that Congress amend the directive to reflect this principle by no longer including those who currently qualify as career offenders based solely on drug trafficking offenses." *Id.* at 8-9 (citing U.S. Sent. Comm'n, *Report to the Congress: Career Offender Sentencing Enhancements* at 3, available at www.ussc.gov/sites/default/files/pdf/news/congressional- testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf). The Government responds simply that "Congress has failed to act on the Commission's recommendation which is a clear indication that Congress does not agree with their recommendation." ECF No. 200 at 7.

[3] As the Motion notes, absent Defendant's career offender designation, based on a criminal history category IV at the time of sentencing, the court "would have had to find Brown responsible for more than 500 grams of crack to give him the same sentence, and "[i]f sentenced today, that amount would have to be more than 8.4 kilograms: over 18 pounds." ECF No. 194 at 1.

841(b)(1)(A) and (b)(1)(B), individuals who distribute greater quantities of drugs are subject to a more lenient recidivist enhancement. In other words, the enhancement in sections 841(b)(1)(A) and (b)(1)(B) would not apply to an individual such as Defendant, who was charged with a crime punishable by more than one year in prison but who did not serve more than one year in prison. If he did not qualify for the section 841(b)(1)(C) recidivist enhancement, Defendant asserts, he would be subject to a statutory maximum penalty of 20 years, which is less than the sentence he is currently serving.

Finally, Defendant asks the court to consider the section 3553(a) factors and to note "the absolute injustice of a sentence of 262 months' imprisonment for a conviction regarding a $20 rock of crack cocaine," along with the concern that such a disproportionate sentence "actually undermines respect for the law and the statutory directive that a sentence imposed be 'just punishment.'" ECF No. 194 at 11. Defendant asserts he obtained his GED in 1996 and has taken a number of programming classes during his time in prison. He acknowledges that his disciplinary history includes an assault of a staff member without injury in 2010, and states that his offenses have otherwise consisted of refusing to obey orders and possessing unauthorized materials. ECF No. 194 at 11, ECF No. 194-2. His last offense occurred in 2017.

The Government concedes the court may in its discretion vary downward below Defendant's guideline range but argues that any such variance is not warranted because "criminal history is an essential element in calculating an appropriate sentence," and that while Defendant received short state prison sentences, he was serving a term of probation at the time he committed the underlying offense.[4] ECF No. 200 at 3. The Government also argues that a reduction is not necessary to avoid a sentencing

---

[4] The Government also states that at the time he was convicted of the underlying offense, Defendant had outstanding charges for pointing and presenting a firearm, assault with intent to kill, armed robbery, and intimidation of court officials/jurors, which charges "presumably were dismissed as a result of his sentence on the federal conviction." ECF No. 200 at 3.

disparity and rather, "[t]o now reduce his sentence would punish others more severely." *Id*. at 7. Finally, the Government contends that on balance the section 3553(a) factors do not support a time-served sentence because Defendant's "post-sentencing behavior is not exemplary." *Id*. at 10.

The court finds that a downward variance under the section 3553(a) factors is appropriate. According to the USPO's Sentence Reduction Report, Defendant has received credit for time served since April 12, 2004 and currently has a projected release date of June 28, 2021. A downward variance to time-served would result in Defendant serving close to the amount of time originally imposed, to include credit for good time. More importantly, a downward variance addresses the sentencing disparity created by the varying definitions used to trigger the recidivist enhancements, more accurately reflects the seriousness of the underlying offense, achieves section 3553(a)'s other objectives, and recognizes Defendant's productive use of time while in custody without minimizing his disciplinary record. For all of these reasons, the court grants the supplemental motion and request for downward variance to a sentence of time-served. All other provisions of the judgment entered April 14, 2004 remain in effect.

This order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended. Due to the COVID-19 pandemic, Defendant shall be tested for COVID-19 prior to his release and, provided he does not test positive, shall not spend fourteen days in quarantine in BOP custody, but shall be released and instead spend fourteen days in quarantine in the place he will reside.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

November 3, 2020
Columbia, South Carolina