IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 3:01-cr-1109-SAL |
| v. | **OPINION AND ORDER** |
| Kenyatte Brown, | |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion requesting termination of supervised release. [ECF No. 208.] The court has been advised by Quincy A. Adams, United States Probation Officer, that both the U.S. Probation Office and Assistant U.S. Attorney William K. Witherspoon are opposed to early termination of Defendant's supervised release.

Title 18 United States Code Section 3583(e) provides that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the

defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id.* at 283 (citation omitted).

Based on the information provided to the court, Defendant was released to a six-year term of supervised release on November 12, 2020, and since then, he has not committed any known violations of supervision. He has submitted negative drug screens, reported as instructed, and maintained a stable residence and employment. Defendant co-owns a tire and repair shop in Eastover, South Carolina. According to Defendant's motion, he has "now gotten married and started a family," and that is confirmed by his probation officer's communication to the court. [ECF No. 208.] Defendant previously filed a motion for early termination of supervised release in January 2022, which was denied without prejudice in March 2022 by the Honorable Margaret B. Seymour. [ECF No. 206.] The U.S. Probation Office is currently opposed to Defendant's motion for early termination of supervised release based on the facts that he is classified as a career offender and has committed 29 months of a 72-month term of supervised release. The

Assistant U.S. Attorney similarly opposes early termination based on Defendant's status as a career criminal.

Considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, the court finds that the interests of justice will not be served if termination of supervision is granted at this time. *See* 18 U.S.C. § 3583(e). However, the court commends Defendant for his clean record during supervision up to this point and encourages him to continue on that path. Defendant's motion for early termination of supervised release is **DENIED** without prejudice.

**IT IS SO ORDERED**.

May 1, 2023
Columbia, South Carolina

s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge