IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kenyatte Brown,<br><br>　　　　　　　　　Defendant. | C/A No. 3:01-cv-1109-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendant's *pro se* motion requesting termination of supervised release. [ECF No. 212.] The court has been advised by Quincy A. Adams, United States Probation Officer, that both the U.S. Probation Office and Assistant U.S. Attorney William K. Witherspoon are opposed to early termination of Defendant's supervised release.

Title 18 United States Code Section 3583(e) provides that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

1

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id.* at 283 (citation omitted). According to the Guide to Judiciary Policy Vol. 8E, § 360.20(c), at 18 months supervision, there is a presumption in favor of recommending early termination if certain criteria are met—one of those criteria is that the person must not be a career drug offender or career criminal.

Based on the information provided to the court, Defendant was released to a six-year term of supervised release on November 12, 2020, and since then, he has not committed any known violations of supervision. Thus far, Defendant has served over 38 months of a 72-month term of supervised release. During that time, he has passed all drug tests and has otherwise maintained compliance with supervision. Defendant previously filed a motion for early termination of supervised release in January 2022, which was denied without prejudice in March 2022 by the Honorable Margaret B. Seymour. [ECF No. 206.] He then filed a motion for early termination of supervised release in November 2022, which was denied by this court in May 2023. [ECF Nos. 208, 210.]

The U.S. Probation Office is currently opposed to Defendant's motion for early termination of supervised release based on the facts that he was classified as a career offender at the time of his 2004 PSR, and he would still be classified as a career offender today. The Assistant U.S.

Attorney similarly opposes early termination based on Defendant's status as a career criminal. According to the Guide to Judiciary Policy Vol. 8E, § 360.20(c), at 18 months supervision, there is a presumption in favor of recommending early termination if certain criteria are met—one of those criteria is that the person must not be a career drug offender or career criminal.

Defendant admits that he was classified as a career offender at the time of his sentence, but he argues, "the law they used to career me out 'intervening arrest' is not good law anymore and hasn't been over a decade plus now." [ECF No. 212 at 1.] According to Defendant's 2004 PSR, the predicate offenses for Defendant's career offender designation included a distribution of cocaine in proximity of a school/park and a group of convictions for the possession of cocaine with intent to distribute. *See* ECF No. 176-1 at 5–9. Defendant has not explained how any law related to an "intervening arrest" would apply to these predicate offenses. From the court's review of the PSR, it appears Defendant would still be a career offender today based on those offenses.

Considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, the court finds that the interests of justice will not be served if termination of supervision is granted at this time. *See* 18 U.S.C. § 3583(e). In particular, the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervised release, as does the ability to afford adequate deterrence to criminal conduct and the need to protect the public. In particular, the court finds Defendant's status as a career offender weighs against early termination of supervised release in this case at this time.

Again, the court commends Defendant for his clean record during supervision up to this point and encourages him to continue on that path. Defendant's motion for early termination of supervised release is **DENIED** without prejudice.

**IT IS SO ORDERED.**

April 8, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge